UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10262-GAO

HEIDI T. RICCIO,
Plaintiff,

v.

GREATER LAWRENCE TECHNICAL SCHOOL, GREATER LAWRENCE REGIONAL
VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT, and JOHN N. LAVOIE,
Individually and in His Official Capacity,
Defendants.

ORDER
March 4, 2016

O'TOOLE, D.J.

The plaintiff, Heidi Riccio, was discharged from her employment as an administrator at the Greater Lawrence Technical School in the Greater Lawrence Regional Vocational Technical High School District by the superintendent of the school, John Lavoie. The plaintiff alleges that the school, district, and superintendent committed a variety of state and federal constitutional, statutory, and common law violations when she was terminated. The defendants have moved for summary judgment on the entire complaint.

After hearing and review of the parties' submissions, I conclude that the defendants are entitled to summary judgment on all counts for substantially the same reasons argued by the defendants in their supporting memorandum. The plaintiff's claim for breach of contract—which, as a factual matter, is the most promising—is foreclosed because she disregarded the arbitration procedure set out in the operative collective bargaining agreement.[1] See, e.g., Fosbroke v. Emerson

---

[1] The plaintiff does not bring a claim against her union for any breach of duty of fair representation.

Coll., 503 F. Supp. 256, 257 (D. Mass. 1980); Johnston v. Sch. Comm., 533 N.E.2d 1310, 1311 (Mass. 1989). Additionally, the facts supporting the plaintiff's constitutional claims, even viewed in the light most favorable to her, do not come close to approaching the standards required to prevail on procedural or substantive due process claims.[2] See, e.g., DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005); O'Neill v. Baker, 210 F.3d 41, 47–48 (1st Cir. 2000); see also Thomas v. Town of Salisbury, Civil Action No. 14-13726-JGD, 2015 WL 5684074, at *8–10 (D. Mass. Sept. 28, 2015); Bros. v. Town of Millbury, Civil Action No. 14-10122-TSH, 2014 WL 4102436, at *3–5 (D. Mass. Aug. 14, 2014). With respect to the Massachusetts Civil Rights Act claim, the "record is entirely devoid of anything resembling the sort of physical, moral, or economic pressure that courts have found sufficient to support a claim under this statute . . . [especially when] . . . the exception for claims based on non-physical coercion remains a narrow one." See Meuser v. Fed. Express Corp., 564 F.3d 507, 519 (1st Cir. 2009) (alteration in original) (quoting Meuser v. Fed. Express Corp., 524 F. Supp. 2d 142, 147 (D. Mass. 2007)) (affirming district court's allowance of summary judgment against plaintiff on state civil rights claim). Finally, as to the remaining claims, the plaintiff has not raised an issue of genuine dispute as to any material fact and the defendants are entitled to judgment as a matter of law.

Consequently, the defendants' motion for summary judgment is GRANTED. Judgment shall enter for the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] The plaintiff has appropriately conceded that summary judgment is appropriate on her equal protection claim. See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 594 (2008); see also Aponte-Ramos v. Alvarez-Rubio, 783 F.3d 905, 908 n.5 (1st Cir. 2015).